1
2
3
4
5
6
7
8     **UNITED STATES DISTRICT COURT**
9     **SOUTHERN DISTRICT OF CALIFORNIA**
10

11    DEREK RODEN,                          Case No.: 3:18-cv-0009-MMA-AGS
      CDCR #BB-0303,
12
                          Plaintiff,        **ORDER DISMISSING CIVIL**
13                                          **ACTION WITHOUT PREJUDICE**
              vs.                           **FOR FAILING TO PAY**
14                                          **FILING FEE REQUIRED**
      RICHARD J. DONOVAN                    **BY 28 U.S.C. § 1914(a) AND/OR**
15    CORRECTIONAL FACILITY,                **FAILING TO MOVE TO PROCEED**
                                            **IN FORMA PAUPERIS**
16                        Defendant.        **PURSUANT TO**
17                                          **28 U.S.C. § 1915(a)**
18
19
20        DEREK RODEN ("Plaintiff"), proceeding pro se and currently incarcerated at

21    Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, filed a 4-

22    page letter addressed to the Clerk of the Court and the Chief Judge of the Eastern District

23    of California on December 28, 2017, while he was temporarily held at the California

24    Health Care Facility ("CHCF") in Stockton.  *See* Doc. No. 1.

25        Because Plaintiff claimed to have been assaulted by an unidentified correctional

26    officer at RJD, and he sought an "emergency" "protection order" preventing his transfer

27    back to RJD, the Clerk construed Plaintiff's letter to be civil rights Complaint pursuant to

42 U.S.C. § 1983, and then transferred the case here for lack of proper venue pursuant to 28 U.S.C. § 1406(a) on January 3, 2018.  *See* Doc. No. 3.

## I.      Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the Plaintiff is a prisoner, and even if he is granted leave to commence his suit IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2)*; Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff did not prepay the $400 in filing and administrative fees required to commence a civil action when he submitted his letter to the Clerk of Court in the Eastern District of California, nor has he since filed a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).[1] Therefore, to the extent his letter manifests an intent to commence a civil rights action pursuant to 42 U.S.C. § 1983, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

///

///

///

---

[1] On February 9, 2018, Plaintiff filed another ex parte letter expressing confusion as to the status of his case, reporting he had been "kicked out of CHCF" on December 28, 2018, and had been transferred back to RJD.  *See* Doc. No. 7.  This Court has since confirmed that Plaintiff is currently housed at RJD. *See* https://inmatelocator.cdcr.ca.gov/Details.aspx?ID=BB0303 (last visited Feb. 15, 2018).

## II. Conclusion and Order

Accordingly, the Court:

(1)     **DISMISSES** this action sua sponte without prejudice for failure to pay the $400 civil filing and administrative fee or to submit a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

(2)     **GRANTS** Plaintiff **forty-five (45)** days leave from the date this Order is filed to: (a) prepay the entire $400 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2(b).

The Court further **DIRECTS** the Clerk of the Court to provide Plaintiff with the Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*."[2] If Plaintiff fails to either prepay the $400 civil filing fee or complete

---

[2]  Plaintiff is cautioned that if he chooses to proceed further by either prepaying the full $400 civil filing fee, or submitting a properly supported Motion to Proceed IFP, the letter he filed in the Eastern District of California (Doc. No. 1) will be construed as a civil rights Complaint, screened before service, and subject to immediate sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays or is obligated to pay filing fees, insofar as it currently fails comply with Rule 8, and fails to state a claim upon which § 1983 relief may be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity."); *Bridgeman v. Educ. Dep't*, No. CIV. 11-0387 JLS CAB, 2011 WL 2532413, at *1 (S.D. Cal. June 24, 2011) (noting that RJD, a prison within the State of California's Department of Corrections and Rehabilitation, is not a "person" subject to suit under § 1983); *see also Hale v. State of Arizona*, 993 F.2d 1387, 1398-99 (9th Cir.1993) (holding that a state department of corrections is not a "person" within the meaning of § 1983).

and submit the enclosed Motion to Proceed IFP within 45 days, this action will remain dismissed without prejudice based on Plaintiff's failure to satisfy 28 U.S.C. § 1914(a)'s fee requirements and without further Order of the Court.

**IT IS SO ORDERED**.

DATE: February 16, 2018

HON. MICHAEL M. ANELLO
United States District Judge